[No. B035286. Second Dist., Div. Two. July 27, 1988.]

PASADENA STAR-NEWS, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
D. M. et al., Real Parties in Interest.

**COUNSEL**

Adams, Duque & Hazeltine, John A. Blue and Thomas Myers for Petitioner.

No appearance for Respondent.

Rosenberg & Wessling, John J. Wessling, Morris, Polich & Purdy, Gerald P. Schneeweis and Dean A. Olson for Real Parties in Interest.

**OPINION**

**COMPTON, Acting P. J.**—In this mandamus proceeding, a defendant newspaper publisher seeks a writ compelling the superior court to grant its motion for summary judgment in an invasion-of-privacy case.

Petitioner published two newspaper articles about a newborn baby girl who was taken to a hospital and abandoned there. The first article reported that the baby, when only hours old, was brought to the hospital by a man who told nurses he had found her swaddled in newspaper and cradled in a cardboard box under the bleachers at a high school athletic field. According to the article, the man left the hospital without identifying himself, and authorities were seeking to identify and locate both him and the baby's mother.

The second article, published eight days later, reported that both persons had been identified and located; the mother was a young woman who had concealed her pregnancy from her family and friends and accomplished the parturition at home and alone; her brother then took the baby to the hospital. This article said the mother reportedly wanted to relinquish the baby for adoption and would not be prosecuted because the baby was never placed in danger. Both the mother and her brother were identified by name.

The mother filed an action for defamation and invasion of privacy against petitioner and others.[1] Plaintiff's complaint was soon narrowed to one theory of recovery: invasion of privacy by public disclosure of private facts.[2] Petitioner moved for summary judgment, contending all the information published in the two articles was newsworthy as a matter of law, and hence not actionable as an invasion of privacy.

In opposing the motion, plaintiff conceded that the dissemination of newsworthy facts cannot support an action for invasion of privacy. (See, e.g., *Sipple* v. *Chronicle Publishing Co.* (1984) 154 Cal.App.3d 1040, 1048-1049 [201 Cal.Rptr. 665].) Plaintiff did not concede the articles were newsworthy. She primarily contended that, regardless of whether the other information in the two articles was newsworthy, her identity was not.[3] Plaintiff further argued the question of newsworthiness is, in this case, a disputed fact that cannot be resolved without trial.

The crux of plaintiff's position is that publication of her name was not essential to an understanding of the matter being reported. This contention has some superficial appeal, but only as an abstract proposition. Plaintiff's proposed rule—that a published report of embarrassing but newsworthy private facts is actionable unless the report omits the name of its subject—would overhaul journalism as we know it. The press could not without consent reveal the name of anyone other than a public official or public figure, if the story contained any derogatory or embarrassing information. This would change the tone of stories about matters of the greatest public concern, many of which are stories about individuals of no renown. (E.g., *Metter* v. *Los Angeles Examiner* (1939) 35 Cal.App.2d 304, 312 [95 P.2d 491] [newspaper report of unusual suicide]; *Sipple* v. *Chronicle Publishing Co., supra,* 154 Cal.App.3d 1040, 1048-1049 [newspaper article about life of man who thwarted Presidential assassination attempt].)

The two articles published by petitioner are newsworthy, not simply because they titillate the public's curiosity in all things morbid, but rather because they relate to widely debated issues of unplanned pregnancy, children born to single mothers, and adoption, and by implication, contraception and abortion.[4] While articles on such topics sometimes avoid divulging

---

[1] The other defendants are two sheriff's deputies alleged to have been the newspaper's sources, and their employer.

[2] All subsequent references to invasion of privacy herein denote invasion of privacy by public disclosure of private facts.

[3] Plaintiff suggested petitioner should have withheld her name from the second article, instead referring to her as "the woman, whose identity was being withheld," or words to that effect.

[4] The Restatement view is that individuals who have not sought publicity or consented to it, but through their own conduct or otherwise have become a legitimate subject of public in-

the names of individuals involved, no principle of tort law requires this journalistic approach.[5]

This case is remarkably similar to an illustration given in the Restatement of Torts: "A, a girl twelve years old, gives birth to a child. B Newspaper publishes a report of the event, together with a picture of A and her child. This is not an invasion of A's privacy." (Rest.2d Torts, § 652D, com. f, illus. 15.)[6] A person who abandons her newborn child cannot complain of the newsworthiness of her act. Plaintiff was not merely the involuntary victim of an event of public interest; her own voluntary and extraordinary actions created the newsworthy event.

*Times-Mirror Co.* v. *Superior Court* (1988) 198 Cal.App.3d 1420 [244 Cal.Rptr. 556] [rev. denied, May 19, 1988], relied on by plaintiff, is distinguishable. There defendant newspaper publisher ignored a police detective's request that it not publish the name of a witness to an unsolved violent crime, and the resulting article effectively revealed the witness's address as well. The court held that the newsworthiness of the crime did not entitle the publisher to summary judgment in the witness's invasion of privacy action, because the trier of fact could find the risk of criminal attack on the witness and the state's interests in investigating crimes and protecting witnesses outweighed the publisher's interest in publishing the witness's name without risk of liability.

Newsworthiness is, as plaintiff argues, a question of fact. If the evidence bearing on a fact question can support only a finding for one party, however, the issue can properly be decided in that party's favor by the court. Petitioner was entitled to summary judgment in its favor.[7]

terest, become news. These persons have become involved in events that attract public attention, and publishers are permitted to satisfy the curiosity of the public as to its heroes, leaders, villains and victims, without liability for invasion of privacy. (Rest.2d Torts, § 652D, com. f.)

Our Supreme Court is considering a libel case presenting an issue of newsworthiness. (*Brown* v. *Kelly Broadcasting Co.,* No. S005126, review granted June 9, 1988, Court of Appeal opinion formerly published at 198 Cal.App.3d 1106 [244 Cal.Rptr. 531].)

[5] Indeed, in certain circumstances the imposition of liability would be forbidden by the constitutional guarantee of freedom of the press. *Cox Broadcasting Corp.* v. *Cohn* (1975) 420 U.S. 469 [43 L.Ed.2d 328, 95 S.Ct. 1029] held unconstitutional a judgment awarding damages for invasion of privacy for publication of a rape victim's name, which the defendant had learned by inspecting a court document, even though the defendant by its publication had violated a state statute protecting the privacy of rape victims.

[6] This illustration is taken from *Meetze* v. *Associated Press* (1956) 230 S.C. 330 [95 S.E.2d 606]. There the court correctly noted, "There are times when one, whether willingly or not, becomes an actor in an occurrence of public or general interest. When this takes place, he emerges from his seclusion and the publication of his connection with such occurrence is not an invasion of his right of privacy." (*Id.,* at p. 609).

[7] We do not suggest that a modicum of journalistic self-restraint would not have been salutary. Indeed, we have ourselves omitted plaintiff's name from this opinion.

This is a proper case for issuance of a peremptory writ in the first instance. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].) All parties were informed this court was considering issuing a peremptory writ in the first instance. The matter having been fully briefed, issuance of an alternative writ would add nothing to the exposition of the issues.[8]

Let a peremptory writ of mandate issue, directing respondent to vacate its order of June 10, 1988, denying petitioner's motion for summary judgment, and to enter a new order granting the motion.

Gates, J., and Fukuto, J., concurred.

A petition for a rehearing was denied August 24, 1988, and the petition of real party in interest D.M. for review by the Supreme Court was denied October 13, 1988.

---

[8] The other defendants (see fn. 1, *ante*) joined in the newspaper defendant's summary judgment motion, and have in this proceeding filed a request that they be granted a writ too. Their position, however, may involve different issues not yet briefed, and will therefore be left for resolution by the trial court in the first instance.